## STATE ex KELLY v FRICK, Sheriff

Ohio Appeals, 2nd Dist, Montgomery Co

No 1178. Decided March 13, 1933

Kelly & Knee, Dayton, for relator.
Calvin Crawford, Prosecuting Attorney, Dayton, for defendant.

BARNES, J.

The authorities in this state are in thorough accord that habeas corpus is a proper remedy where the imprisoned person is illegally held regardless of the circumstances of the commitment. The only limitation is that the order of commitment be absolutely void. It is not sufficient that it is merely voidable.

Under a void order of commitment the person imprisoned has choice of remedies, either by proceedings in error or habeas corpus.

If the commitment is merely voidable the only remedy would be a proceeding in error. **State of Ohio v Marcinski, 103 Oh St, 613; Thomas, Warden v Cowdrey, 13 Oh Ap, 59.**

The petition in habeas corpus filed in this court in an original action states that Virgil Dackin in whose behalf the application is made is imprisoned and restrained of his liberty in the county jail of Montgomery County by one Eugene Frick, Sheriff of said Montgomery County, Ohio.

The petition further attaches as an ex-

hibit, a copy of the indictment, and sets forth verbatim the language of the verdict. Also that after verdict Dackin was remanded by court to the custody of the sheriff.

The indictment containing two counts, omitting the formal parts, reads as follows:

"Did unlawfully and purposely while attempting to perpetrate a robbery, kill Alfred W. Dare."

Second count: "Unlawfully, purposely and of deliberate and of premeditated malice killed Alfred W. Dare."

The verdict as returned by the jury is as follows:

"We the jury, upon the issue joined in this case, do find defendant, Virgil Dackin, guilty of manslaughter as he stands charged in the first count of the indictment and not guilty as he stands charged in the second count of the indictment.

Charles T. Boguss, Foreman."

The sole and only question for determination is whether or not such a verdict can legally be returned under the first count of the indictment. Counsel for Dackin contend that the lesser crimes are not included under the first count. It is conceded that they are included under the second count.

The case of **Thomas, Warden v Cowdrey, 13 Oh Ap, 59,** is determinative of the question in the instant case unless the two cases are to be distinguished as is urged by counsel for the relator. It is pointed out that in the Cowdrey case wherein a verdict was returned of guilty of second degree murder under the third count of the indictment that the language of this third count made the same inclusive by its terms. The language of the third count eliminating the formal parts was as follows:

"Did unlawfully, purposely and of deliberate and premeditated malice, with intent unlawfully, purposely and of deliberate and premeditated malice and by means of poison kill."

Counsel say that this went beyond charging murder in the administration of poison but also charged murder of deliberate and premeditated malice.

This reason, if accepted, is fully met by the language of the first count of the indictment in the instant case, wherein if the words, "purposely and while attempting to perpetrate a robbery" are eliminated

there would remain the following: "Did unlawfully * * * kill Alfred W. Dare," which would constitute a perfect charge of manslaughter.

The question does not seem to have been decided directly by the Supreme Court of this state. In fact we find no decisions of the Supreme Court where the direct question has been presented to it. In many cases presented on petitions in error the court has had frequent opportunities to announce the principle that the lesser crimes are not included in indictments for first degree murder except where predicated on the charge of deliberate and premeditated malice. In every instance the Supreme Court has held that the question as to whether or not the lesser crimes are included must be determined from the evidence. **Bandy v State, 102 Oh St, 384; Dresback v State, 38 Oh St 365; Freeman v State, 119 Oh St, 250.**

In the last case, Freeman v State, the defendant was indicted for purposely and wilfully killing an officer under §12402-1, GC. The defense was interposed that the killing was not done purposely and wilfully but in a scuffle and unintentionally. The trial court refused to charge the included offenses of second degree or manslaughter. A verdict was returned convicting the defendant of first degree murder without recommendation of mercy. The Supreme Court held that it was the duty of the trial court to charge the lesser degrees if the testimony tended to prove that such killing although unintentional was caused by the defendant while resisting arrest. Defendant having introduced evidence of this character in his defense it became an issue of fact in the case and the court should have charged on the offense of manslaughter. Applying this principle to the instant case we are not able to say, as a matter of law, that the evidence did not raise the issue of manslaughter. Of course, the evidence is not before us. Nevertheless, we must indulge the presumption that the verdict is proper and sustained by sufficient evidence until the contrary appears. This question can only be raised on petition in error. It can readily be conceived that there was an issue on the question of intentional killing and even though it was in the commission of a robbery, intent to kill is an element to be proven. **Robbins v State, 8 Oh St, 131, 175-6-7-8.**

If there was no intent to kill, but did kill while in the commission of an unlawful act, this would constitute manslaughter.

Counsel for the relator cites the case of

State v Pierce, 24 N.P. (N.S.) 413 rendered by Judge Kinkaid of the Common Pleas Court of Franklin County, Ohio, and affirmed by the Court of Appeals of this district without report. The editor's note under the decision states that the case was affirmed upon the reasoning of the trial court. Judge Kinkaid in his opinion goes far beyond the questions involved in his treatise on the subject.

The affirmance of the Court of Appeals can not extend beyond the question of the correctness of the judgment. It may be correctly assumed that Judge Kinkaid said many things which might indicate that in his judgment under an indictment of first degree murder under any of the specifications except deliberate and premeditated malice, the lesser crimes would not be included. These statements were purely dictum and not really involved in the determination of the question and when the editor in his notes stated that the Court of Appeals affirmed upon the reasoning of the trial court it would only stand for such reasoning as applied to the correctness of the judgment.

This court adheres to the announcement made in the case of **Thomas, Warden v Cowdrey, 13 Oh Ap, 59.**

The writ should be denied at relator's cost. Entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.