### SCHANCK, Petition of, In re.

Ohio Appeals, Second District, Franklin County.

No. 3914. Decided June 24, 1946.

Eldon H. Young, Toledo, for petitioner.

Hugh S. Jenkins, Attorney General, Henry S. Zwolinski, Asst. Atty. General, Columbus, for respondent.

### OPINION

By THE COURT:

This is an original action in habeas corpus wherein the petitioner seeks his release from the Ohio State Penitentiary where he was confined under sentence by the Common Pleas

Court of Summit County after being convicted of a felony commonly referred to as unarmed robbery, in violation of §12432, GC. The petitioner took an appeal to the Court of Appeals of the 9th Judicial District, which affirmed the conviction and judgment of the trial Court. An appeal was taken to the Supreme Court which also affirmed the conviction and judgment, the opinion being reported as **State v Jones, 145 Oh St 136**, to which reference is made for a detailed statement of the facts.

The issue presented, concisely stated, is: Was the offense charged committed by the petitioner, and if not, may the Court order his release in habeas corpus proceedings? **Sec. 12432, GC,** under which the defendant was indicted provides as follows:

"Whoever, by force or violence, or by putting in fear, steals and takes from the person of another anything of value is guilty of robbery, and shall be imprisoned in the penitentiary not less than one year nor more than twenty-five years."

The petitioner contends an intent to rob or steal is an essential element of a crime of robbery, and that if the evidence does not show an intent to rob or steal, there cannot be a valid conviction of robbery. The petitioner relies on **Matthews v State, 4 Oh St 540**, which was decided in 1855 when the statute provided that the offense must be committed "with intent to rob or steal". This case has no application to the instant case for the reason that the statute as amended no longer contains the words "with intent to rob or steal". In **State v Sappienza, 84 Oh St 63**, the Court in commenting on the provisions of §12432 GC, on **page 70,** say:

"Upon making proof, therefor, beyond reasonable doubt, that the defendant, with others, by force or violence or by putting in fear, had stolen and taken from the person of the individuals named in the indictment, against their will, something of value, the State had made its case one justifying the verdict of guilty, unless the defendant on his part produced evidence which exculpated him. **The State did not need to go into the question of intent on the part of the robbers because of the universal rule, as a presumption of fact, that the natural and probable consequences of every act deliberately done were intended by the person who did it."**

(Emphasis ours.)

By stipulation the record of the trial Court has been introduced as evidence in the case at bar. This record discloses

that this petitioner when put on trial, under cross-examination, testified as to facts, and made admissions which supported the charge of the State, and in proof of all the elements of the offense charged in the indictment, with the possible exception of a criminal intent. With respect to the proof of a criminal intent, we find the law to be that a person is presumed to intend the natural and probable consequences of his voluntary act. The petitioner did not deny that he helped to plan the act which constituted robbery, and was near the scene when the act took place and fled the scene of the crime in an automobile with the other participants.

The trial Court properly charged the jury relative to "intent." Whether the petitioner committed the act with a criminal intent is a factual question which was properly submitted to the jury and resolved against the petitioner. The petitioner was stated to be an aider and abettor to the robbery. The trial Court properly charged the jury in regard to the application of the provisions of §12380 GC. There was evidence to support the conviction and judgment of the Court.

Error, if any appears, could and should have been presented to the reviewing Courts on appeal. This proceeding in habeas corpus cannot be made a substitute for an appeal. **Ex Parte Lindway, 132 Oh St 473; Ex Parte Elicker, 117 Oh St 500.** Relief can be granted to the petitioner in this proceeding only if this Court should find that the conviction and judgment of the trial Court was void. **Ex Parte Brown, 6 O O 44; Ex Parte Shaw, 7 Oh St 81; State, ex rel. Kelly v Frick, 14 Abs 355** (Court of Appeals, 2nd Judicial District).

In the case at bar, no question is raised as to the jurisdiction of the trial court over the subject matter or the person of the petitioner; neither is there any question raised as to the legal sufficiency of the indictment in properly charging a crime under the statute. The complaint of the petitioner relates to a factual matter which was properly submitted to the jury in the trial court. In this proceeding, we are without authority to open up a factual matter for redetermination. Neither the motive for the commission of the act nor mitigating circumstances, which we admit exist, are pertinent or persuasive in the determination of the issue in this proceeding. We fail to see wherein the conviction and judgment of the trial Court is void.

The petition will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.